IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **FAUSTINO XAVIER BETANCOURT COLON,**<br><br>Plaintiffs,<br>v.<br><br>**ENCANTO RESTAURANTS, INC.**<br><br>Defendants. | **CIVIL NO.** |

**NOTICE OF REMOVAL**

**TO THE HONORABLE COURT**:

**COMES NOW** defendant, Encanto Restaurants, Inc. d/b/a Kentucky Fried Chicken ("KFC"), and hereby gives notice of the removal of the action filed by Plaintiff in the Court of First Instance of the Commonwealth of Puerto Rico, Superior Court of San Juan (Civil No. SJ2021CV02524), to the United States District Court for the District of Puerto Rico. As grounds for the removal, KFC states the following:

**I.  Procedural Background:**

1. On April 26, 2021, Faustino Xavier Betancourt ("Plaintiff") filed a Complaint in the Court of First Instance of the Commonwealth of Puerto Rico, Superior Court of San Juan, with the following caption and number: Faustino Xavier Betancourt v. Encanto Restaurants, Inc., Civil No. SJ2021CV02524. *See* **Exhibit # 1.**[1]

2. On April 28, 2021, Plaintiff served KFC with summons. *See* **Exhibit # 2.**[2]

---

[1] In compliance with 28 U.S.C.A. § 1446(a), KFC hereby attaches a complete copy of the case file docket for the Complaint filed by Plaintiff in the Court of First Instance of the Commonwealth of Puerto Rico, Superior Court of San Juan. Due to the number of pages included in the docket, KFC requests a thirty (30) day extension of time to file the certified translations of the same.

[2] KFC requests a thirty (30) day extension of time to file the certified translation of the executed summons attached as Exhibit #2.

3. As averred by Plaintiff in the State Court Action, the Complaint is based solely on Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C.A. § 12181 *et seq.* and Section 504 of the Rehabilitation Act, 29 U.S.C. § 701 *et seq.* ("the Rehabilitation Act") (*See* **Exhibit # 1, ¶¶ 26-63).** Hence, from Plaintiff's own allegations, it is evident that this Court has original jurisdiction over the allegations and subject matter of the instant case, as they arise from the laws of the United States. *See* 28 U.S.C.A. § 1331.

4. As more fully explained below, KFC is entitled to remove the State Court Action to this Honorable Court pursuant to 28 U.S.C. § 1441 (a).

## II.     Legal Standard:

5. Section 28 U.S.C.A. § 1441 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C.A. § 1441(a) [3]. "Federal courts have original jurisdiction over cases 'arising under the Constitution, laws, or treaties of the United States.' " San Antonio-Trinidad v. Marriott P.R. Mgmt. Corp., No. CIV. 10-1628 FAB, 2011 WL 3300209, at *2 (D.P.R. Aug. 1, 2011) (quoting 28 U.S.C. § 1331).

6. Therefore, "[t]he removal statute allows a defendant to remove a case to federal court only when the action could have originally been filed in federal court." Id. "A case arises under federal law for purposes of removal when the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Rosselló v. Calderón, 398 F.3d 1, 12 (1st Cir.2007) (internal citations omitted).

7. According to section 28 U.S.C.A. § 1446:

---

[3] Section 1332(d) considers that "[t]he Word "States", as used in this section, includes the Territories, the District of Columbia, and the Commonwealth of Puerto Rico." 28 U.S.C.A. § 1332(d).

> A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

8. The notice of removal must be "filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b).

9. As stated above, Plaintiffs served KFC with copy of the Complaint on April 28, 2021. See, **Exhibit # 2.** Thus, the instant Notice of Removal is timely pursuant to 28 U.S.C. § 1446.

### III.   Basis for Removal:

10. In sum, the Complaint alleges discrimination on the basis of disability in the activities of places of public accommodations pursuant to Title III of the ADA and the Rehabilitation Act.

11. Consequently, from the face of the Complaint, it is evident that this Court has original jurisdiction over the allegations and subject matter of the instant case, as they arise from the laws of the United States. *See* 28 USCA § 1331; 28 U.S.C. § 1441(a).

12. Therefore, it is evident that this Federal Court has original jurisdiction over the state civil action, on the basis of federal question. *See*, 28 U.S.C.A. § 1331; *see also* Access Now, Inc. v. Blue Apron, LLC, No. 17-CV-116-JL, 2017 WL 5186354, at *1 (D.N.H. Nov. 8, 2017); Franchi v. New Hampton Sch., 656 F. Supp. 2d 252, 254 (D.N.H. 2009).

13. Thus, KFC is entitled to remove this civil action under 28 U.S.C.A. § 1441.

14. Pursuant to 28 U.S.C.A. § 1446, KFC hereby certifies that there are adequate jurisdictional grounds for the removal of the present action. Also, in compliance with

3

28 U.S.C.A. § 1446(a), it has attached herein: (1) a complete copy of the case file docket for the Complaint filed by Plaintiff in the Court of First Instance of the Commonwealth of Puerto Rico, Superior Court of San Juan in the Spanish language as **Exhibit #1**; and (2) a copy of the executed summons in its original Spanish language as **Exhibit #2**. On this same date, KFC has requested a thirty (30)-day extension to file certified translations of the pleadings previously described.

15. In compliance with 28 U.S.C.A. § 1446(d), KFC will promptly file an Informative Motion, along with the instant notice of removal, with the Court of First Instance of the Commonwealth of Puerto Rico, Superior Court of San Juan, and will notify this Honorable Court of its compliance with this requirement.

**WHEREFORE**, KFC gives notice of the removal of this action, pursuant to section 1441, of Title 28, United States Code, and requests that said cause of action proceed before this Honorable Court as an action properly removed.

**WE HEREBY CERTIFY** that on this date, a true and exact copy of this notice of removal with its exhibits was sent by electronic mail to Plaintiff's legal counsel, José Carlos Vélez Colón, Esq. (jvelez@velezlawgroup.com); and, within the next forty-eight (48) hours, KFC will notify a copy of the Notice of Removal with the Court of Puerto Rico, Superior Court of San Juan, using the Unified System of Case Management and Administration ("Sistema Unificado de Manejo y Administración de Casos" and/or "SUMAC").

**RESPECTFULLY SUBMITTED**

In San Juan, Puerto Rico, this 28th day of May 2021.

*[Signatures on next page]*

**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR  00918-1813
Tel. (787) 764-8181 / Fax (787) 753-8944

By:    *s/Alberto J. Bayouth-Montes*
       Alberto J. Bayouth-Montes
       USDC-PR No. 228313
       alberto.bayouth@oneillborges.com

       *s/Natalia Marín-Catalá*
       Natalia Marín-Catalá
       USDC-PR 304703
       natalia.marin@oneillborges.com