**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **FAUSTINO XAVIER BETANCOURT COLON,** | |
| Plaintiffs, | |
| v. | **CIVIL NO. 21-cv-01246-SCC** |
| **ENCANTO RESTAURANTS, INC.** | |
| Defendants. | |

## ANSWER TO REQUEST FOR ORDER OF PERMANENT INJUNCTION ("COMPLAINT")

**TO THE HONORABLE COURT:**

**COMES NOW** defendant Encanto Restaurants, Inc. d/b/a Kentucky Fried Chicken ("KFC"), through its undersigned legal counsel, and very respectfully states and prays as follows:

### THE SITE OF PUBLIC ACCOMMODATION IN QUESTION

1.       From Paragraph 1 of the Complaint it is admitted that plaintiff purports to allege a civil rights action for discrimination. KFC denies that Plaintiff has a viable claim. KFC also denies all allegations and/or conclusions of law contained in Paragraph 1 of the Complaint.

### NEED FOR ACTION

2.       Paragraphs 2(a) through 2(e) of the Complaint are denied. KFC further denies that Plaintiff is entitled to any relief pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C.A. § 12181 *et seq.* and Section 504 of the Rehabilitation Act, 29 U.S.C. § 701 *et seq.* ("the Rehabilitation Act").

### PETITIONER

3.       Paragraph 3 of the Complaint is denied for lack of knowledge and sufficient information to make a responsive allegation.

4.      Paragraph 4 of the Complaint is denied for lack of knowledge and sufficient information to make a responsive allegation.

5.      Paragraph 5 of the Complaint is denied for lack of knowledge and sufficient information to make a responsive allegation.

## RESPONDENT

6.      From Paragraph 6 (i-ii) of the Complaint it is admitted that KFC is the operator of a restaurant doing business as Kentucky Fried Chicken. KFC clarifies that it leases a property located at the Corner or Muñoz Rivera Avenue & San Juan Bautista Street, San Juan, Puerto Rico 00901 (the "San Juan location"). All other remaining allegations are denied inasmuch as they relate to other parties which KFC does not have any knowledge of.

## JURISDICTION AND VENUE

7.      Paragraph 7[1] of the Complaint is a statement of law to which no response is required. To the extent a response is required, KFC admits that this Court has jurisdiction over Plaintiff's ADA and Rehabilitation Act claims but denies that such claims are available.

8.      Paragraph 8[2] of the Complaint is denied. "Federal courts have original jurisdiction over cases 'arising under the Constitution, laws, or treaties of the United States.' " San Antonio-Trinidad v. Marriott P.R. Mgmt. Corp., No. CIV. 10-1628 FAB, 2011 WL 3300209, at *2 (D.P.R. Aug. 1, 2011) (quoting 28 U.S.C. § 1331). Therefore, this Court has original jurisdiction over the allegations and subject matter of the instant case, as they arise from the laws of the United States. *See* 28 USCA § 1331; 28 U.S.C. §1441(a). Consequently, the case was removed to this Court.

9.      Paragraph 8[3] of the Complaint is denied.

## FACTS

---

[1] This Paragraph is incorrectly numbered 9 in the Complaint.
[2] This Paragraph is incorrectly numbered 10 in the Complaint.
[3] This Paragraph is incorrectly numbered 11 in the Complaint.

10.     Paragraph 10[4] of the Complaint is admitted.

11.     Paragraph 11[5] of the Complaint is denied for lack of knowledge and sufficient information to make a responsive allegation.

12.     Paragraph 12[6] of the Complaint is denied for lack of knowledge and sufficient information to make a responsive allegation.

13.     Paragraph 13[7] of the Complaint is denied.

14.     Paragraph 14[8] of the Complaint is denied.

15.     Paragraph 15[9] of the Complaint is denied.

16.     Paragraph 16[10] of the Complaint is denied.

### ACCESS FROM THE OUTSIDE OF THE PROPERTY:
### PARKING, ACCESS ROUTE AND ENTRANCE

17.     Paragraph 16 (a through l)[11] of the Complaint is denied. KFC affirmatively alleges that, upon receipt of the Complaint, it initiated a voluntary inspection of the San Juan location, regarding the architectural barriers alleged in the Complaint, in order to determine if the location complies with the ADA Standards for Accessible Design. As such, violations to the ADA Standards, if any, have already been corrected and/or correction is underway.[12] The alleged barriers no longer exist and/or will no longer exist and are unlikely to recur due to physical modifications. Consequently, Plaintiff's ADA claims against KFC are moot and should be dismissed with prejudice. Furthermore, there is no need for further court intervention because there is no real and

---

[4] This Paragraph is incorrectly numbered 12 in the Complaint.
[5] This Paragraph is incorrectly numbered 13 in the Complaint.
[6] This Paragraph is incorrectly numbered 14 in the Complaint.
[7] This Paragraph is incorrectly numbered 15 in the Complaint.
[8] This Paragraph is incorrectly numbered 16 in the Complaint.
[9] This Paragraph is incorrectly numbered 17 in the Complaint.
[10] This Paragraph is incorrectly numbered 18 in the Complaint.
[11] This Paragraph is incorrectly numbered 19 in the Complaint.
[12] KFC is only required to remove architectural barriers if such removal is readily achievable or accomplishable and able to be carried out without undue difficulty, hardship and expense.

immediate threat that an illegal barrier will cause future harm to Plaintiff or any other individual similarly situated. KFC denies any intentional, illegal or discriminatory actions, conduct or practice and/or liability under any of the invoked or applicable statutes or regulations.

KFC denies Plaintiff's standing to sue under the ADA, whether as "bonafide patron" or as "tester". Plaintiff lacks standing because he has failed to state "when and why" he will visit the premises in the future or how the barriers affect his ability to enjoy the San Juan location. The Complaint must identify how the barriers affected his specific disability.

18.     Paragraph 18[13] of the Complaint is denied. KFC incorporates the preceding answers and defenses raised as if stated here. Furthermore, KFC rejects and denies Plaintiff's intention of leaving an "open-ended" pleading of alleged violations.

19.     Paragraph 19[14] of the Complaint is denied. KFC incorporates the preceding answers and defenses raised as if stated here.

20.     Paragraph 20[15] of the Complaint is denied. KFC denies any intentional, illegal or discriminatory actions, conduct or practice and/or liability under any of the invoked or applicable cases, statutes or regulations.

21.     Paragraph 21[16] of the Complaint is denied. KFC denies any intentional, illegal or discriminatory actions, conduct or practice and/or liability under any of the invoked or applicable cases, statutes or regulations.

22.     Paragraph 22[17] of the Complaint is denied. KFC denies any intentional, illegal or discriminatory actions, conduct or practice and/or liability under any of the invoked or applicable cases, statutes or regulations.

---

[13] This Paragraph is incorrectly numbered 20 in the Complaint.
[14] This Paragraph is incorrectly numbered 21 in the Complaint.
[15] This Paragraph is incorrectly numbered 22 in the Complaint.
[16] This Paragraph is incorrectly numbered 23 in the Complaint.

23.     Paragraph 23[18] of the Complaint is denied.

**FIRST CAUSE OF ACTION**
**Americans with Disabilities Act of 1990**

24.     KFC restates and realleges its responses to Paragraphs 1 through 22 of the Complaint.

25.     Paragraph 24[19] of the Complaint contains a legal argument rather than factual allegations and, therefore, requires no response. In the alternative, it is denied.

26.     Paragraph 25[20] of the Complaint is denied. KFC incorporates the preceding answers and defenses raised as if stated here.

27.     Paragraph 26[21] of the Complaint contains a legal argument rather than factual allegations and, therefore, requires no response. In the alternative, it is denied.

28.     Paragraph 27[22] of the Complaint contains a legal argument rather than factual allegations and, therefore, requires no response. In the alternative, it is denied.

29.     Paragraph 28[23] of the Complaint is denied. The San Juan location was built on or before 1986.

30.     Paragraph 29[24] of the Complaint is denied. The San Juan location was built on or before 1986.

31.     Paragraph 30[25] of the Complaint is admitted. KFC clarifies that the San Juan location was remodeled in 2001. Therefore, KFC is only required to comply with the 1991 ADA Standards for Accessible Design.

---

[17] This Paragraph is incorrectly numbered 24 in the Complaint.
[18] This Paragraph is incorrectly numbered 25 in the Complaint.
[19] This Paragraph is incorrectly numbered 27 in the Complaint.
[20] This Paragraph is incorrectly numbered 28 in the Complaint.
[21] This Paragraph is incorrectly numbered 29 in the Complaint.
[22] This Paragraph is incorrectly numbered 30 in the Complaint.
[23] This Paragraph is incorrectly numbered 31 in the Complaint.
[24] This Paragraph is incorrectly numbered 32 in the Complaint.

32.     Paragraph 31[26] of the Complaint is denied.

## NOT REMOVING BARRIERS IN AN EXISTING FACILITY

33.     Paragraph 32[27] of the Complaint contains a legal argument rather than factual allegations and, therefore, requires no response. In the alternative, it is denied.

34.     Paragraph 33[28] of the Complaint contains a legal argument rather than factual allegations and, therefore, requires no response. In the alternative, it is denied.

35.     Paragraph 34[29] of the Complaint is denied.

36.     Paragraph 35[30] of the Complaint is denied.

## NOT DESIGNING AND BUILDING
## AN ACCESSIBLE FACILITY

37.     Paragraph 36[31] of the Complaint is denied.

38.     Paragraph 38[32] of the Complaint is denied.

## NOT MAKING ACCESSIBLE AN ALTERED FACILITY

39.     Paragraph 39[33] of the Complaint is admitted. KFC clarifies that the San Juan location was remodeled in 2001. Therefore, KFC is only required to comply with the 1991 ADA Standards for Accessible Design.

40.     Paragraph 40[34] of the Complaint contains a legal argument rather than factual allegations and, therefore, requires no response. In the alternative, it is denied.

---

[25] This Paragraph is incorrectly numbered 33 in the Complaint.
[26] This Paragraph is incorrectly numbered 34 in the Complaint.
[27] This Paragraph is incorrectly numbered 35 in the Complaint.
[28] This Paragraph is incorrectly numbered 36 in the Complaint.
[29] This Paragraph is incorrectly numbered 37 in the Complaint.
[30] This Paragraph is incorrectly numbered 38 in the Complaint.
[31] This Paragraph is incorrectly numbered 39 in the Complaint.
[32] This Paragraph is incorrectly numbered 40 in the Complaint.
[33] This Paragraph is incorrectly numbered 41 in the Complaint.
[34] This Paragraph is incorrectly numbered 42 in the Complaint.

41.    Paragraph 41[35] of the Complaint is denied. KFC incorporates the preceding answers and defenses raised as if stated here.

## NON-STRUCTURAL BARRIERS:
## POLICIES AND PROCEDURES

42.    Paragraph 42[36] of the Complaint contains a legal argument rather than factual allegations and, therefore, requires no response. In the alternative, it is denied.

43.    Paragraph 43[37] of the Complaint is denied. KFC incorporates the preceding answers and defenses raised as if stated here.

44.    Paragraph 44[38] of the Complaint is denied. KFC denies that Plaintiff's rights have been violated and further denies that he is entitled to any relief pursuant to the ADA.

45.    Paragraph 45 (i-xiv)[39] of the Complaint is denied. KFC incorporates the preceding answers and defenses raised as if stated here.

## SECOND CAUSE OF ACTION
## REHABILITATION ACT OF 1973
## (SECTION 504, 29 U.S.C. § 701 *ET SEQ.*)

46.    KFC restates and realleges its responses to Paragraphs 1 through 45 of the Complaint.

47.    Paragraph 47[40] of the Complaint contains a legal argument rather than factual allegations and, therefore, requires no response. In the alternative, it is denied. KFC clarifies that 29 U.S.C.A. § 794 states the following:

(a) Promulgation of rules and regulations

---

[35] This Paragraph is incorrectly numbered 43 in the Complaint.
[36] This Paragraph is incorrectly numbered 44 in the Complaint.
[37] This Paragraph is incorrectly numbered 45 in the Complaint.
[38] This Paragraph is incorrectly numbered 46 in the Complaint.
[39] This Paragraph is incorrectly numbered 47 in the Complaint.
[40] This Paragraph is incorrectly numbered 49 in the Complaint.

No otherwise qualified individual with a disability in the United States, **as defined in section 705(20) of this title**, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under **any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service**. The head of each such agency shall promulgate such regulations as may be necessary to carry out the amendments to this section made by the Rehabilitation, Comprehensive Services, and Developmental Disabilities Act of 1978. Copies of any proposed regulation shall be submitted to appropriate authorizing committees of the Congress, and such regulation may take effect no earlier than the thirtieth day after the date on which such regulation is so submitted to such committees. (*Emphasis ours*).

Furthermore, "program or activity" is defined by this statute as:

(b) "Program or activity" defined

For the purposes of this section, the term "program or activity" means all of the operations of—

(1)(A) a department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(B) the entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(A) a college, university, or other postsecondary institution, or a public system of higher education; or

(B) a local educational agency (as defined in section 7801 of Title 20), system of career and technical education, or other school system;

(3)(A) an entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(i) if assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(ii) which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(B) the entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) any other entity which is established by two or more of the entities described in paragraph (1), (2), or (3);

any part of which is extended Federal financial assistance.

48.     Paragraph 48[41] of the Complaint contains a legal argument rather than factual allegations and, therefore, requires no response. In the alternative, it is denied.

49.     Paragraph 49[42] of the Complaint is denied. KFC does not offer federally funded services, programs, or activities as defined in 29 U.S.C.A. § 794.

50.     Paragraph 50[43] of the Complaint contains a legal argument rather than factual allegations and, therefore, requires no response. In the alternative, it is denied.

51.     Paragraph 51[44] of the Complaint contains a legal argument rather than factual allegations and, therefore, requires no response. In the alternative, it is denied.

52.     Paragraph 52[45] of the Complaint contains a legal argument rather than factual allegations and, therefore, requires no response. In the alternative, it is denied.

53.     Paragraph 53[46] of the Complaint contains a legal argument rather than factual allegations and, therefore, requires no response. In the alternative, it is denied.

54.     Paragraph 54[47] of the Complaint is denied. KFC does not offer federally funded services, programs, or activities as defined in 29 U.S.C.A. § 794 (b).

55.     Paragraph 55[48] of the Complaint is denied.

56.     Paragraph 56[49] of the Complaint is denied.

---

[41] This Paragraph is incorrectly numbered 50 in the Complaint.
[42] This Paragraph is incorrectly numbered 51 in the Complaint.
[43] This Paragraph is incorrectly numbered 52 in the Complaint.
[44] This Paragraph is incorrectly numbered 53 in the Complaint.
[45] This Paragraph is incorrectly numbered 54 in the Complaint.
[46] This Paragraph is incorrectly numbered 55 in the Complaint.
[47] This Paragraph is incorrectly numbered 56 in the Complaint.
[48] This Paragraph is incorrectly numbered 57 in the Complaint.
[49] This Paragraph is incorrectly numbered 58 in the Complaint.

57.     Paragraph 57[50] of the Complaint is denied.

58.     Paragraph 58[51] of the Complaint is denied.

59.     Paragraph 59[52] of the Complaint is denied.

60.     Paragraph 60[53] of the Complaint is denied.

61.     Paragraph 61[54] of the Complaint is denied.

## REMEDY

KFC denies the allegations contained within the "REMEDY" paragraph of the Complaint. In addition, except as expressly admitted above, KFC denies all remaining allegations in the Complaint. KFC further denies that Plaintiff is entitled to any of the relief sough in paragraphs (A.) through (H.) under the "REMEDY" section of the Complaint.

## AFFIRMATIVE DEFENSES

KFC denies each and every allegation in Plaintiff's Complaint that is not expressly admitted in this Answer. KFC further states that the defenses included in this Answer are set forth to ensure compliance with Federal Rule of Civil Procedure 8(c), without representing or conceding that KFC has the burden of proof or that the defenses necessarily constitute "avoidances" or "affirmative defenses" within the meaning of Federal Rule of Civil Procedure 8(c) or other applicable law. No defense in this Answer shall be deemed an affirmative defense unless failure to assert the defense will result in waiver thereof. KFC also reserves the right to assert additional defenses and matters in avoidance that may be disclosed by additional investigation and discovery.

1.     To the extent that Plaintiff cannot meet his burden to show that a violation of any applicable access standard has occurred or that the modifications sought are required by applicable

---

[50] This Paragraph is incorrectly numbered 59 in the Complaint.
[51] This Paragraph is incorrectly numbered 60 in the Complaint.
[52] This Paragraph is incorrectly numbered 61 in the Complaint.
[53] This Paragraph is incorrectly numbered 62 in the Complaint.
[54] This Paragraph is incorrectly numbered 63 in the Complaint.

law, the Complaint, and each and every claim therein, fails to state a claim for which relief can be granted, in whole or in part, and should thus be dismissed.

2.      KFC denies all allegations, requests for relief, captions, headings or notes throughout the Complaint which are not specifically admitted by KFC.

3.      Plaintiff lacks standing to pursue his alleged claims, including but not limited to, because Plaintiff is a "tester" who is simply asserting boilerplate claims identical to or near identical to claims raised in other complaints and is not a *bona fide* patron of the restaurant at issue, and because and to the extent that the alleged violations do not relate to Plaintiff's disability.

4.      Plaintiff has failed to comply with all conditions precedent for some or all of the claims asserted in the Complaint.

5.      Plaintiff's claims are barred under the doctrine of mootness because the barriers alleged by Plaintiff, if there were any, have been remediated and/or remedial actions are well underway.

6.      To prevail on ADA Title III discrimination claim, a Plaintiff must show that (1) he or she is disabled within the meaning of the ADA, (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation, and (3) the Plaintiff was denied public accommodations by the defendant because of his or her disability. Americans with Disabilities Act of 1990, § 302(a), 42 U.S.C.A. § 12182(a). Plaintiff lacks standing to bring the causes of action asserted in the Complaint.

7.      Plaintiff lacks standing to seek injunctive relief under Title III. Plaintiffs who seek injunctive relief must demonstrate that they themselves face a real and immediate threat of future harm. 42 U.S.C.A. § 12188(a)(1). *See*, Sanchez v. ACAA, 247 F.Supp.2d 61 (D.P.R. 2003). In this specific case, Plaintiff has failed to demonstrate that he faces a real and immediate threat of future

harm; and he has failed to show that there is a likelihood of discrimination should he return to the venue.

8.  Plaintiff lacks standing to bring his claims as a "tester" or an advocate of the rights of similarly situated disabled persons. *See*, Lorenzo Font v. Francisco, 260 F.Supp.2d 394 (D.P.R. 2003) *citing* Blake v. Southcoast Health System, Inc., 145 F.Supp.2d 126, 136-137 (D. Mass. 2001) (plaintiff is barred from deriving standing under the ADA by hypothesizing other disabled persons may suffer injuries from the defendants in the future).

9.  Plaintiff must assert all conditions allegedly constituting illegal barriers that directly supposedly affected his enjoyment or access to the San Juan location based on his disability, and these will be considered the extent of Plaintiff's claims. All others are waived.

10.  Subsequent the filing of the Complaint, without admitting it was obligated to do so, KFC initiated a voluntary inspection of the San Juan location, regarding the architectural barriers alleged in the Complaint, in order to determine if the location complies with the ADA Standards for Accessible Design. As such, violations to the ADA Standards, if any, have already been corrected and/or correction is underway. Because the alleged barriers no longer exist and/or will no longer exist, and are unlikely to recur due to the physical and permanent nature of the modifications made, Plaintiff's claims against KFC are moot and should therefore be dismissed.

11.  KFC's voluntary cessation has rendered Plaintiff's claims moot.

12.  KFC completely and irrevocably eradicated and/or will eradicate the effects of the alleged violations.

13.  Some or all of Plaintiff's claims are barred by virtue of the equitable defense of the doctrine of laches.

14.     Plaintiff's claims are barred in, whole or in part, by the doctrines of waiver and estoppel.

15.     To the extent that any feature of the San Juan location was not in compliance with applicable access standards, the feature nonetheless provided effective access to Plaintiff, because he was able to access and use the feature at issue.

16.     Plaintiff's claims are or may be time barred by the applicable statute of limitations.

17.     KFC acted promptly and appropriately under the circumstances to remediate the situation.

18.     KFC has conducted its practices in good faith and in accordance with all applicable statutes and regulations with regard to Plaintiff. KFC has not acted in bad faith or willfully or otherwise violated Plaintiff's rights in any manner or acted maliciously with respect to any aspect of the events underlying the Complaint.

19.     Plaintiff's claims are frivolous and groundless and known to Plaintiff to be frivolous and groundless and without foundation in fact or law. Furthermore, this suit is being pursued in bad faith for vexatious reasons for the purpose of harassing KFC.

20.     Plaintiff is not disabled under the ADA and/or the Rehabilitation Act.

21.     Plaintiff's claims are barred because, with respect to any particular architectural element of the premises that departs from accessibility guidelines, KFC has provided "equivalent facilitation" in the form of alternative designs and technologies that provide substantially equivalent or greater access to and usability of the premises.

22.     Plaintiff's claims are barred because the claimed violations are *de minimis* and non-actionable because they do not materially impair Plaintiff's use of the premises for its intended purpose.

23.     Plaintiff's claims are barred because the barrier removals Plaintiff seeks are not readily achievable or accomplishable and able to be carried out without undue difficulty, hardship and expense.

24.     To the extent that Plaintiff alleges that removal of unidentified "architectural barriers" was readily achievable, any allegedly wrongful acts or omissions performed by KFC or its agents, if there were any, do not subject KFC to liability because, upon information and belief, the removal of such alleged architectural barriers was not easily accomplishable and/or able to be carried out without much difficulty or expense.42 U.S.C. § 12182.

25.     Plaintiff's claims are barred because the modifications Plaintiff seeks are not "alterations" within the meaning of the ADA or other applicable statutes and/or they do not trigger an "alteration" legal standard, including because the modifications sought will be disproportionate in cost or cost in excess of 20% of the entire "alteration."

26.     The relief, in whole or in part, sought by Plaintiff would constitute an undue burden to KFC (42 U.S.C. § 12182(b)(2)(A)(iii)).

27.     Plaintiff has demanded modifications to the San Juan location which are either not readily achievable, not required, technically infeasible, would create an undue hardship on KFC, would fundamentally alter the nature of the goods, services, facilities, privileges, advantages and accommodations being offered by KFC to the public, or create a direct threat to the health and safety of the Plaintiff or others.

28.     Any allegedly wrongful acts or omissions performed by KFC or its agents, if there were any, do not subject KFC to liability because the cost and scope of any and all alterations to the path of travel to the altered area containing a primary function, if any, would be disproportionate to the cost of the overall alteration to the primary function area, if any.

14

29.     Any allegedly wrongful acts or omissions performed by KFC or its agents, if there were an, do not subject KFC to liability because any and all alterations to the facility were made to ensure that the facility would be readily accessible to the maximum extent feasible.

30.     Any allegedly wrongful acts or omissions performed by KFC or its agents, if there were any, do not subject KFC to liability because full compliance with the accessibility requirements would be structurally impracticable, including because the unique characteristics of the terrain prevent the incorporation of accessibility features.

31.     Any allegedly wrongful acts or omissions performed by KFC or its agents, if there were any, do not subject KFC to liability because KFC accommodated Plaintiff's alleged disability by providing access via "alternative methods" other than the removal of alleged architectural barriers (42 U.S.C. §12182), such as, upon information and belief, providing alternative paths of travel and/or providing assistance to disabled patrons.

32.     To the extent that Plaintiff seeks access improvements that are not required by law and to the extent that Plaintiff alleges that he was denied full and equal access to unidentified services provided by KFC, provision of such access improvement and/or services would impose an undue burden upon KFC.

33.     To the extent that Plaintiff claims that KFC failed to modify its unidentified existing "policies, practices and procedures" when these modifications were necessary to afford access to "goods, services, facilities, or accommodations," any such modifications necessary to afford such "goods, services, facilities, or accommodations" to individuals with disabilities would fundamentally alter the nature of such goods, services, facilities and accommodations (42 U.S.C. §12182).

34. To prevail on a Section 504 discrimination claim under the Rehabilitation Act, a plaintiff must show that he or she: (1) is a qualified individual with a disability; (2) was "otherwise qualified" to participate, and (3) was denied participation "solely by reason of [his or her] ... disability," and (4) sought to participate in a federally-funded program or activity. Lesley v. Hee Man Chie, 250 F.3d 47, 52–53 (1st Cir. 2001).

35. KFC does not offer a federally funded "program or activity" as defined by 29 U.S.C.A. § 794 (b).

36. Plaintiff's seeking compensatory damages under the Rehabilitation Act must prove (1) that the discrimination was intentional and (2) "that the type of damages alleged are available as compensatory damages under § 504...." Nieves–Marquez v. Puerto Rico, 353 F.3d 108, 126 (1st Cir.2003) ("[P]rivate individuals may recover compensatory damages under § 504 ... only for intentional discrimination."); Carmona–Rivera v. Puerto Rico, 464 F.3d 14, 17 (1st Cir.2006) ("[N]on-economic damages are only available when there is evidence 'of economic harm or animus toward the disabled." ').

37. To recover fees under the ADA's fee-shifting provision, a party must demonstrate that he/she has prevailed in the litigation. 42 U.S.C.A. § 12205.

38. The term "prevailing party" is a "legal term of art," Buckhannon, 532 U.S. at 603, 121 S.Ct. 1835, and "[t]he concepts that shape th[at] term apply broadly to the entire universe of federal fee-shifting statutes." Hutchinson ex rel. Julien v. Patrick, 636 F.3d 1, 8 (1st Cir. 2011). To qualify as a "prevailing party," the party seeking to recover fees must demonstrate (1) "a material alteration of the legal relationship of the parties" (2) that possesses the requisite "judicial imprimatur." Buckhannon, 532 U.S. at 604-05, 121 S.Ct. 1835.

39.     "Material change" occurs in parties' legal relationship, as required to support award of attorney fees under fee-shifting provision of the ADA, when the plaintiff succeeds on any significant issue in litigation which achieves some of the benefit the plaintiff sought in bringing suit. 42 U.S.C.A. § 12205.

40.     A voluntary change in conduct by the defendant, "although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur" for prevailing party status. Buckhannon, 532 U.S. at 605, 121 S.Ct. 1835.

41.      Plaintiff will not be considered a "prevailing party" under fee-shifting provision of the ADA and receive an award for attorney's fees if defendant voluntarily agrees to make requisite changes to bring location into full compliance with the ADA. Suarez-Torres v. Panaderia Y Reposteria Espana, Inc., 988 F.3d 542, 546 (1st Cir. 2021).

42.     Plaintiff's claims are barred by the doctrine of unclean hands to the extent that Plaintiff visited and/or returned to the San Juan location for the sole purpose of bringing this lawsuit.

43.     Plaintiff's claims are barred because the alterations that will be made to the premises, if any, are sufficient in that they satisfy the "to the maximum extent feasible" standard.

44.     Plaintiff lacks standing to seek relief under Title III of the ADA, the Rehabilitation Act and/or any other regulations invoked.

45.     KFC reserves the right to add further affirmative defenses as warranted by the development of the factual record in this case.

**WHEREFORE**, Defendant, KFC, respectfully requests: (i) that the Court dismiss Plaintiff's claims against KFC with prejudice and that judgment be entered in KFC's favor on such claims; (ii) that KFC be awarded its costs of suit incurred herein, including reasonable attorneys'

fees; and (iii) that the Court grant such other relief as is appropriate under the circumstances of this case.

**WE HEREBY CERTIFIY** that on this date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 28th day of June, 2021.

**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR  00918-1813
Tel. (787) 764-8181 / Fax (787) 753-8944

By:      *s/Alberto J. Bayouth-Montes*
         Alberto J. Bayouth-Montes
         USDC-PR No. 228313
         E-mail: alberto.bayouth@oneillborges.com

         *s/Natalia Marín-Catalá*
         Natalia Marín-Catalá
         USDC-PR 304703
         E-Mail: natalia.marin@oneillborges.com

18